

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-25-2009

# Alexander Introcaso v. Kevin Curry

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3431

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation
"Alexander Introcaso v. Kevin Curry" (2009). *2009 Decisions.* Paper 1129.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1129

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3431
_____

ALEXANDER M. INTROCASO,
Appellant

v.

PATRICK L. MEEHAN; SETH WEBER; KEVIN B. CURRY;
THOMAS J. BENNIS; JAMES T. SPANG, Jr.;
JAMES MARTIN; KENNETH C. HILBERT;
DENNIS W. STECKEL; JAMES M. POLYAK

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 07-cv-03726)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted Under Third Circuit LAR 34.1(a)
May 21, 2009

Before:  RENDELL, STAPLETON and ALARCÓN*, Circuit Judges

(Filed: June 25, 2009)

_____

OPINION OF THE COURT

_____

_____

    *Honorable Arthur L. Alarcón, Senior Judge, United States Court of Appeals for
the Ninth Circuit, sitting by designation.

RENDELL, *Circuit Judge.*

Alexander M. Introcaso appeals from several orders dismissing his civil claims against various persons allegedly involved in criminal proceedings against him. Introcaso was prosecuted and convicted for possessing an unregistered firearm and destructive devices in violation of the National Firearms Act, 26 U.S.C. §§ 5801-72. We previously affirmed his conviction and sentence for possession of hand grenades, but reversed his conviction for possessing a sawed off shotgun after construing an ambiguous statutory exception in his favor. *United States v. Introcaso*, 506 F.3d 260, 273 (3d Cir. 2007).

On August 24, 2007, while his criminal appeal was pending, Introcaso filed a civil complaint in state court against federal officials Patrick Meehan, Seth Weber, and Kevin Curry; Lehigh County officials James Martin, Kenneth Hilbert, and Dennis Steckel; his court-appointed attorney James Polyak; and private citizens Thomas Bennis and James Spang. Introcaso, through counsel, made a slew of rambling accusations against Defendants, asserting a number of constitutional violations. Defendants removed the case to the District Court for the Eastern District of Pennsylvania and moved to dismiss. The District Court granted the motions to dismiss under Fed. R. Civ. P. 12(b)(6) as to all Defendants in four separate orders. Introcaso appeals each order.[1]

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. § 1442(a)(1). This Court has jurisdiction to review an order to dismiss under Fed. R. Civ. P. 12(b)(6) pursuant to 28 U.S.C. § 1291, and exercises plenary review. *McGovern v. Philadelphia*, 554 F.3d 114, 115 (3d Cir. 2009). "[W]e accept as true all well-pled factual allegations in the complaint and all reasonable inferences that can be drawn from them, and we affirm the order of

Introcaso's arguments, again made through counsel, are marginally coherent and are not specific as to particular orders. We discern only two cognizable arguments from his brief: (1) that this Court should revise the law pertaining to prosecutorial immunity as it may affect Introcaso's case; and (2) that the District Court erred by improperly converting Defendants' Rule 12(b)(6) motions into motions for Summary Judgment under Fed. R. Civ. P. 56, presumably by considering information extraneous to the pleadings.[2] We are not persuaded by either argument. The Supreme Court recently reaffirmed the viability of prosecutorial immunity in *Van De Kamp v. Goldstein*, 129 S.Ct. 855, 861-62 (2009), and we have no basis to reconsider the doctrine. Also, Introcaso does not identify, nor do we find, any instance in which the District Court relied on anything other than the pleadings, statutory language, and judicial decisions to grant Appellees' motions. We find no basis to conclude that the District Court deviated from Rule 12(b)(6).

While Introcaso fails to raise specific challenges to the District Court's reasoning, we briefly review each order for the benefit of the parties, and address at least one dispositive issue as to each. In a single order entered July 10, 2008, the District Court dismissed Introcaso's claims against federal law enforcement officials Meehan, Weber,

---

dismissal only if the pleading does not plausibly suggest an entitlement to relief." *United States Dep't of Transp., ex rel. Arnold v. CMC Eng'g*, 564 F.3d 673, 676 (3d Cir. 2009).

[2]Introcaso also challenges the constitutionality of the joint federal and state Project Safe Neighborhoods initiative, through which criminal evidence was allegedly collected against him. The District Court did not reach the merits of Introcaso's claims, and we need not do so here.

3

and Curry. The Court concluded that Meehan, the United States Attorney for the Eastern District of Pennsylvania, and Weber, an Assistant United States Attorney, enjoy absolute immunity because all of the conduct alleged as to Meehan and Weber relates to their roles in prosecuting Introcaso. Introcaso does not dispute that Meehan and Weber were acting in their roles as prosecutors, and, since we have no basis to revise the law of prosecutorial immunity as he requests, we have no reason to disturb the Court's decision.

The claims against Special Agent Kevin Curry of the Bureau of Alcohol, Tobacco, and Firearms revolve around Curry's involvement in the investigation of Introcaso's criminal case. The District Court construed Introcaso's claims as being brought under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and concluded that they were time barred. The most analogous state statute of limitations establishes the timeliness of a *Bivens* claim. *Napier v. Thirty or More Unidentified Federal Agents, Employees, or Officers*, 855 F.2d 1080, 1088 n.3 (3d Cir. 1988). The District Court concluded that Pennsylvania's two year limitation period for personal injury claims, 42 Pa. Cons. Stat. § 5524, applied to Introcaso's claims. *See Kost v. Kozakiewicz*, 1 F.3d 176, 189-90 (3d Cir. 1993). The Court determined that Curry's relevant conduct terminated by the end of Introcaso's trial in May of 2005, that Introcaso filed his complaint on August 24, 2007, and that the claims against Curry were accordingly time barred. Introcaso raises no arguments challenging this conclusion.

The District Court followed parallel reasoning in dismissing three Lehigh County

Defendants – District Attorney James Martin, and Detectives Kenneth Hilbert and Dennis Steckel – in an order entered July 23, 2008. The Court concluded that Martin, as a prosecutor in Introcaso's case, like United States Attorney Meehan, enjoyed absolute immunity. As discussed above, we have no basis to alter the prosecutorial immunity doctrine as requested by Introcaso. Furthermore, the Court construed the claims against Detectives Hilbert and Steckel as being brought under 42 U.S.C. § 1983, and concluded that they were also time barred under 42 Pa. Cons. Stat. § 5524. *See Genty v. Resolution Trust Corp.*, 937 F.2d 899, 919 (3d Cir. 1991) (most analogous state statute of limitations applies to § 1983 claims). Introcaso does not raise any arguments challenging these decisions, nor have we identified any reason to disturb them.

In an order entered July 10, 2008, the District Court dismissed Introcaso's eleven claims against James Polyak, the court-appointed attorney in Introcaso's criminal defense. The District Court determined that the first nine claims recast ineffective assistance of counsel arguments Introcaso raised in unsuccessful post-trial motions in his criminal case. The District Court dismissed these claims upon adopting the determination of the trial court judge that Introcaso's ineffective assistance allegations were unsubstantiated. We also note that Introcaso does not frame these claims as legal malpractice under state law, and ineffective assistance of appointed counsel in representing a defendant is not actionable under § 1983. *See Polk County v. Dodson*, 454 U.S. 312, 324-25 (1981) (no state action for the purposes of § 1983 where public defender represented defendant in

5

criminal matter).

The remaining two claims involve allegations that Polyak conspired with co-defendants to violate a list of Introcaso's constitutional rights. The District Court construed these claims as being brought under § 1983, and dismissed them upon concluding that there was no state action, and that the claims were also time barred under 42 Pa. Cons. Stat. § 5524. Introcaso presents no arguments challenging the District Court's determinations with regard to the claims against Polyak, and we find no reason to disturb the resulting order.

Finally, in another order entered July 23, 2008, the District Court dismissed Introcaso's claims against Thomas Bennis and James Spang. Introcaso alleges that Bennis is a retired sheriff of Lehigh County, and that he is involved in the Lehigh Law Enforcement Association ("LLEOA"). LLEOA is a private business that supplies security officers to the general public, and was Introcaso's employer. Introcaso also asserts that Spang was involved in the LLEOA. Introcaso claims that Bennis and Spang violated his constitutional rights through their alleged involvement in the investigation and collection of evidence against him. The District Court construed the claims as being brought under § 1983, and dismissed them for lack of state action, and for being time barred under 42 Pa. Cons. Stat. § 5524. Introcaso raises no arguments challenging these determinations, and we find no reason to disturb them on appeal.

For the reasons stated above, we will AFFIRM the orders of the District Court.

6